■ In the Matter of KNOCK-OUT-CARPENTRY PROBLEMS, INC., Petitioner, v JAMES E. PICKEN, as Commissioner of the Office of Consumer Affairs of the County of Nassau, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Office of Consumer Affairs dated September 12, 1980, which, after a hearing, revoked petitioner's home improvement license. Determination confirmed and proceeding dismissed on the merits, with costs. The determination of the respondent commissioner is supported by substantial evidence on the record (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Furthermore, the penalty imposed (revocation of the license) was not so disproportionate to the offenses as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Damiani, J.P., Mangano, Gibbons and Gulotta, JJ., concur.

■ In the Matter of JOHN REALE, Appellant, v COLONIAL PENN INSURANCE COMPANY, Respondent. — In a no-fault arbitration proceeding, the petitioner appeals from an order of the Supreme Court, Kings County, dated September 24, 1980, which denied his motion for judicial approval of the resignation of Daniel Castoria as arbitrator in a pending arbitration proceeding. Order affirmed, with $50 costs and disbursements. The arbitrator's bare statement, in his affirmation, that he has "inadvertently already pre-judged this case", is not an adequate basis for his recusal. An arbitrator may not avoid his sworn duty to make a just award absent an assertion that his alleged bias is based on anything other than his exposure to the facts of the case before him. Mollen, P.J., Cohalan, Margett and O'Connor, JJ., concur.