■ ROBERT FRENS, Appellant-Respondent, v ST. JOSEPH'S COLLEGIATE INSTITUTE, Respondent-Appellant, and RICHARD J. LARKIN, as President of St. Joseph's Collegiate Institute, et al., Respondents. (Appeal No. 1.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Petitioner, a teacher employed by respondent, St. Joseph's Collegiate Institute, appeals from orders of Special Term which, *inter alia,* denied his application pursuant to CPLR 7503 (subd [a]) to compel arbitration of his claim for continued employment and directed a hearing to determine whether petitioner's rights were prejudiced by the partiality of the independent arbitrator. Respondent cross-appeals from those parts of said orders which failed to confirm the arbitrators' award and directed a hearing. This dispute arose when petitioner was informed that his teaching contract would not be renewed for the 1981-1982 academic year. Petitioner filed a grievance and after exhausting those procedures, he demanded arbitration pursuant to the provisions of a collective bargaining agreement. On August 7, 1981, prior to the presentment of the issues to an arbitration panel, settlement negotiations between the parties and their respective attorneys resulted in an agreement settling the dispute. This resolution was presented to the arbitrators in the presence of petitioner. No objection was made to the agreement or the accuracy of the stated terms. The arbitrators accepted the

agreement as a resolution of the grievance and retained jurisdiction pending compliance with the terms thereof. In a letter dated August 12, 1981, however, petitioner advised that he had discharged his attorney and rescinded the "tentative agreement." On November 13, 1981, the arbitration panel issued its final award, which confirmed the settlement agreement. Once a party has participated in arbitration his ability to have the courts vacate or modify the award is limited by statute (CPLR 7511, subd [b], par 1; see, also, CPLR 7511, subd [c]; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582). We agree with the finding of Special Term that there was a binding settlement reached before the arbitration panel. The only reason assigned for vacating the award on the basis of partiality of the arbitrator (CPLR 7511, subd [b], par 1, cl [ii]) is the remark attributed to the independent arbitrator (which he denies making) evincing concern for maintaining the reputation of respondent. There is no allegation that the settlement which was the basis for the award was not voluntarily made or that the alleged partiality of the arbitrator affected the award in any way. The remark, if made, would not constitute a ground for vacatur (see *Matter of Reale v Colonial Penn Ins. Co.*, 81 AD2d 639; *Matter of Provenzano [MVAIC]*, 28 AD2d 528; *Matter of Brill [Muller Bros.]*, 22 AD2d 678, app dsmd 15 NY2d 909; *Matter of Goldens Bridge Colony [Cooper]*, 265 App Div 857; see, generally, 5 NY Jur 2d, Arbitration and Award, § 64). There being no other reason to set aside the award, it is confirmed. (Appeals from order of Supreme Court, Erie County, Marshall, J. — arbitration.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.